EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hon. José F. Aponte Hernández, Presidente de la Cámara de Representantes del E.L.A.<br><br>Hon. Ángel A. Pérez Otero, Presidente de la Comisión del Presupuesto y Asignaciones de la Cámara de Representantes del E.L.A.<br><br>    Recurridos<br><br>         vs.<br><br>Guillermo M. Riera, en su capacidad Director Ejecutivo de la Autoridad para el Financiamiento de la Infraestructura de P.R. (AFI)<br><br>    Interventor-Peticionario | Certiorari<br><br>2008 TSPR 102<br><br>174 DPR _____ |

Número del Caso: CC-2008-92

Fecha: 30 de mayo de 2008

Tribunal de Apelaciones:

       Región Judicial de San Juan, Panel II

Juez Ponente:

       Hon. Aleida Varona Méndez

Abogada de la Parte Peticionaria:

       Lcda. Amelia H. Caicedo Santiago

Abogados de la Parte Recurrida:

       Lcdo. Richard W. Markus
       Lcdo. Martín G. Lluch Pardo
       Lcdo. Carlos E. Pérez Acosta
       Lcdo. Manuel Herrero García

Materia: Citación Bajo Apercibimiento de Desacato

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hon. José F. Aponte Hernández,　*
Presidente de la Cámara de　　　*
Representantes del Estado Libre　*
Asociado de Puerto Rico　　　　*
　　　　　　　　　　　　　　　*
Hon. Ángel A. Pérez Otero,　　*
Presidente de la Comisión del　*
Presupuesto y Asignaciones de　*　　CC-2008-0092
la Cámara de Representantes del　*
Estado Libre Asociado de　　　*
Puerto Rico　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　Recurridos　　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　　　v.　　　　　　*
　　　　　　　　　　　　　　　*
EX PARTE　　　　　　　　　*
　　　　　　　　　　　　　　　*
Guillermo M. Riera, en su　　*
capacidad Director Ejecutivo de　*
la Autoridad para el　　　　*
Financiamiento de la　　　　*
Infraestructura de Puerto Rico　*
(AFI)　　　　　　　　　　*
　　　　　　　　　　　　　　　*
　　Interventor-Peticionario　*
　　　　　　　　　　　　　　　*
*******************************

RESOLUCIÓN

San Juan, Puerto Rico, a 30 de mayo de 2008.

　　Visto el escrito de la parte peticionaria se le concede un término de quince (15) días a la parte recurrida, contados a partir de la notificación de esta Resolución, para expresar lo que a bien tengan sobre el recurso que se ha presentado ante nuestra consideración.

　　Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rebollo López disiente con opinión escrita.

　　　　　　　　　　　Dimarie Alice Lozada
　　　　　　　Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hon. José F. Aponte Hernández,
Presidente de la Cámara de
Representantes, y otros

     Recurridos

        vs.                  CC-2008-92     *CERTIORARI*

Guillermo M. Riera, en su
capacidad de Director Ejecutivo
de la Autoridad para el
Financiamiento de la
Infraestructura de Puerto Rico

     Peticionarios

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 30 de mayo de 2008

Llega a nuestras puertas la interrogante de si la Asamblea Legislativa de Puerto Rico, al amparo de los poderes de investigación que tiene como consecuencia de su facultad constitucional de legislar, tiene o no el derecho de requerir el descubrimiento de una opinión legal que fue utilizada por la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (AFI) para reasignar ciertas cuantías sobrantes de una emisión de bonos bajo la Resolución Conjunta Número 156, aprobada por la Asamblea Legislativa el 9 de julio de 2006, acción de la referida agencia pública que, natural y obviamente, puede tener como consecuencia la correcta o ilegal utilización de fondos públicos.

La Sala Superior de San Juan del Tribunal de Primera Instancia resolvió que la Cámara de Representantes no tenía esa facultad ya que, supuestamente, no había demostrado un verdadero interés legislativo en obtener la opinión legal en controversia. El Tribunal de Apelaciones, correctamente, a nuestro juicio, revocó; razonó dicho foro que, ante los intereses involucrados, resultaba procedente devolver el caso al tribunal de instancia para que éste, utilizando el escrutinio estricto, examinara el documento en controversia y determinara si era o no de aplicación el privilegio de abogado y cliente reclamado por AFI.

Una mayoría de los integrantes de este Tribunal ha decidido expedir y revisar la sentencia del Tribunal de Apelaciones. Entendemos que el recurso, radicado por AFI, debió ser denegado sin ulterior trámite. Es por ello que disentimos.[1]

I

El 11 de enero de 2007, la Comisión de Presupuesto y Asignaciones de la Cámara de Representantes emitió una citación dirigida al Ing. Guillermo Riera, Director Ejecutivo de la Autoridad para el Financiamiento de la Estructura (AFI), mediante la cual requirió su comparecencia como deponente en una vista pública respecto a la aprobación de las Resoluciones Conjuntas de la Cámara

---

[1] Lo hacemos, en esta etapa, ya que no seremos miembro de este Tribunal en la fecha en que, finalmente, se resuelva el presente caso y queremos dejar constancia de nuestra posición al respecto.

1884 y 1885. En la citación se le requirió la presentación de un memorial explicativo, cuyo contenido expresara los comentarios y puntos de vista en relación a la aprobación de las referidas medidas legislativas.

El Director Ejecutivo de AFI se negó a asistir a la vista pública, razón por la cual la Cámara de Representantes, en virtud del poder conferido por el Código Político, acudió ante el Tribunal de Primera Instancia en solicitud de una orden de comparecencia bajo apercibimiento de desacato. Expedida la misma, el Ing. Guillermo Riera fue nuevamente citado para vista pública a efectuarse el 19 de enero de 2007.

El 16 de enero de 2007, posterior a la orden expedida por el tribunal, el Presidente de la Comisión de Presupuesto y Asignaciones de la Cámara solicitó de dicho funcionario público copia de una opinión legal, en la cual la referida agencia se basó para concluir que la Junta de Directores de AFI podía reasignar el uso de cuantías sobrantes como resultado de un veto en línea de asignaciones presupuestarias. Específicamente, la Comisión hizo referencia a las Resoluciones Conjuntas 1861 y 1862, las cuales habían sido vetadas por el Primer Ejecutivo.

Al día siguiente, AFI declinó acceder a la solicitud de entrega de la opinión legal. Arguyó que el documento era materia protegida por el privilegio de abogado-cliente, ya que en el mismo se discutía la posibilidad de prevalecer en un pleito iniciado por la Legislatura, ante

la reasignación de ciertas cuantías sobrantes de una emisión de bonos bajo la Resolución Conjunta Núm. 156 del 9 de julio de 2006. Amparado en ello, presentó en el Tribunal de Primera Instancia una petición de intervención a los fines de ser relevado de divulgar el contenido de la opinión legal.

Escuchados los planteamientos de ambas partes, el foro primario emitió una resolución preliminar resolviendo que la opinión legal solicitada por la Asamblea Legislativa no podía ser divulgada en la vista pública pautada, decisión que posteriormente ratificó mediante resolución del 13 de marzo de 2007. En dicha resolución, el tribunal de instancia resolvió que la Cámara de Representantes no había demostrado un verdadero interés legislativo en obtener la opinión legal y que pretender divulgar el contenido de esa información lesionaría el derecho de AFI a consultar privadamente con sus abogados sobre las facultades legales de la agencia.

Inconforme, la Cámara de Representantes recurrió ante el Tribunal de Apelaciones, quien revocó la determinación emitida por el foro primario. El foro apelativo intermedio razonó que, ante los intereses involucrados, se requería que el tribunal de instancia examinara el documento requerido y determinara si era de aplicación el privilegio reclamado. En consecuencia, devolvió el caso al foro de instancia para la continuación de ulteriores procedimientos.

De esta determinación, recurrió el Director Ejecutivo de AFI ante este Tribunal señalando que erró el Tribunal de Apelaciones:

> ...al determinar que el Tribunal de Primera Instancia debía examinar la opinión legal para determinar si la misma estaba cobijada por el privilegio de abogado-cliente y si la misma debía entregarse o no a la Rama Legislativa.

El Tribunal, repetimos, expidió el auto. Disentimos; somos del criterio que la decisión del Tribunal de Apelaciones es fundamentalmente correcta, razón por la cual el recurso debe ser denegado de plano.


II

Como norma general, la facultad de la Asamblea Legislativa para fiscalizar al Gobierno es una bien amplia e incluye la capacidad de buscar cualquier defecto en los sistemas sociales, económicos y políticos imperantes, de manera que puedan remediarse mediante legislación o por su mera divulgación, Watkins v. U.S., 354 U.S. 178 (1957); poder legislativo intrínsicamente relacionado a la facultad de investigar los distintos departamentos del gobierno para exponer alguna ineficiencia, el posible desperdicio de fondos públicos e inclusive actos de corrupción. *Id*.

El ejercicio de ese poder depende grandemente de la facultad que tienen los cuerpos legislativos de citar testigos a comparecer y a requerir los documentos pertinentes a las vistas, convocadas al amparo de una

delegación autorizada por el cuerpo correspondiente, Hernández Agosto v. Betancourt, 118 D.P.R. 79 (1986); facultades integradas al Código Político de 1902, según enmendado, el cual estatutariamente autoriza al presidente de cualquier comisión o subcomisión del Senado o de la Cámara de Representantes, o de una comisión o subcomisión conjunta de ambos cuerpos, a expedir una citación requiriendo a un testigo la comparecencia ante un oficial investigador para declarar, producir o entregar documentos u objetos o ambas cosas. 2 L.P.R.A. sec. 151.

En virtud del poder investigativo de la Asamblea Legislativa, las comisiones legislativas pueden requerir la producción o entrega de documentos, siempre y cuando la investigación que se está llevando a cabo, y dentro de la cual se hace la citación, haya sido ordenada mediante resolución del cuerpo o mediante resolución concurrente de ambos cuerpos, especificándose en ella que la comisión podrá emitir citaciones para exigir la comparecencia de testigos, presentación de documentos u objetos, o ambas cosas. 2 L.P.R.A. sec. 151 b(1). Las comisiones sólo pueden dedicarse a investigar aquellos asuntos previamente asignados mediante una resolución debidamente aprobada. Hernández Agosto v. Betancourt, supra.

Ahora bien, y en relación con requerimientos legislativos de divulgación de comunicaciones protegidas por alguno de los privilegios evidenciarios que pueden invocar los ciudadanos, tal como el privilegio de abogado-

cliente, la Rama Ejecutiva puede reclamar válidamente la secretividad de la información solicitada, en aras de proteger la confidencialidad de su contenido. Angueira v. J.L.B.P. (I), 150 D.P.R. 10 (2000). Respecto a las agencias públicas, éstas necesitan llevar a cabo, en un ambiente de confianza, intercambios internos de opiniones y de diversos puntos de vista para formular su política pública. R. Solomon, Wearing Many Hats: Confidentiality and Conflicts Of Interest Issues for California Public Lawyer, Vol. 25(2), Southwestern University Law Review, pág. 287, (1996).

De este modo, las opiniones legales y el esfuerzo mental (*work product*) de un abogado que brinda sus servicios en el sector público, de ordinario está exento de divulgación cuando el documento requerido cumpla con los siguientes criterios: (1) sea un borrador, notas o memorando legal; (2) no sea un documento empleado durante el desempeño ordinario de la agencia y (3) el interés público en mantener su secretividad sobrepasa el interés de su divulgación. R. Solomon, *op cit*., pág. 285.

III

Lo anteriormente expresado constituye, precisamente, la razón por la cual la decisión emitida en el presente caso por el Tribunal de Apelaciones --devolviendo el caso al foro de instancia-- debe de prevalecer, esto es, el

fundamento por el cual procede denegar el recurso radicado.

El tribunal de instancia, luego de celebrar la correspondiente vista, deberá determinar si en el caso de autos se cumple, o no, con los tres criterios antes enumerados; en específico, si el interés público en mantener la secretividad de dicha opinión legal es mayor que el interés de su divulgación; teniendo bien presente que se trata de fondos públicos y no de fondos privados.

No puede, ni debe, ser de otra manera. La Asamblea Legislativa, en representación de la ciudadanía, tiene el derecho a fiscalizar, y monitorear, el gasto de fondos públicos. En específico, la anómala situación en que una agencia del Poder Ejecutivo intenta desviar el uso de fondos públicos que le fueron asignados para propósitos específicos; esto es, utilizar dichos fondos para propósitos distintos a los que determinó la Legislatura.

Es por ello que disentimos.


                    FRANCISCO REBOLLO LÓPEZ
                         Juez Asociado